# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RIGOBERTO RAMIREZ,** <br><br> Plaintiff, <br><br> v. <br><br> **JALEN HARPER,** *et al.*, <br><br> Defendants. | Case No. 22–cv–04986–EP–ESK <br><br><br> **OPINION AND ORDER** |

**KIEL, U.S.M.J.**

  **THIS MATTER** having come before the Court on *pro se* plaintiff Rigoberto Ramirez's motion "to remove Attorney General as counsel," wherein he seeks to disqualify the New Jersey Office of the Attorney General (NJOAG) from representing defendants Jalen Harper and Nathaniel Lhowe in this case (Motion) (ECF No. 19); and defendants having filed opposition to the Motion (ECF No. 22); and Ramirez not having filed a reply; and the Court finding:

  1. Ramirez is "a convicted sex offender subject to [parole supervision for life] and conditions appropriate to protect the public and foster rehabilitation." (ECF No. 1 p. 5.) *See State of New Jersey v. Ramirez*, No. A-0115-18T4, 2019 WL 5783476, at *1 (N.J. App. Div. Nov. 6, 2019) (detailing Ramirez's charges, plea of guilty, and sentencing in New Jersey state court in 2014). Defendants confirm that Ramirez "is a convicted sex offender serving a term of Parole Supervision for Life under Megan's Law, N.J.S.A. 2C:43-6.4." (ECF No. 22 p. 1.)

  2. The New Jersey State Parole Board (Parole Board) employs Harper as a parole officer and employs Lhowe as a parole supervisor. (ECF No. 5 p. 2; ECF No. 15 p. 2 ¶ 4.)

  3. Ramirez brought this federal case in August of 2022 while still incarcerated in state prison. (ECF No. 1.) In December of 2022, pursuant to the requirements of 28 U.S.C. § 1915(e)(2)(B), District Judge Evelyn Padin screened Ramirez's complaint and permitted the claim alleging a violation of his rights under the First Amendment of the United States Constitution to proceed. (ECF No. 5.) Judge Padin construed that claim to allege the following:

> [Ramirez] requested permission for "limited internet access for scholastic attainment" and "job searches" from … Harper and … Lhowe.   They denied his requests because [Ramirez] has a "no internet" supervision condition.  [Ramirez] alleges the denials violate his First Amendment speech and association rights[.]

(*Id.* pp. 1, 2 (internal citations omitted).)   In April of 2023, the NJOAG filed an answer to Ramirez's First Amendment claim on behalf of both defendants.   (ECF No. 15.)

4.   Ramirez filed the Motion on May 19, 2023.   (ECF No. 19.)   In support of the Motion, Ramirez initially asserts:

> The [NJOAG] previously represented the … Parole Board in the appellate case in which [he] prevailed….   Specifically, [Ramirez] won in the appellate court on an argument that the [P]arole [B]oard needs to comport with federal, state, and recent case law in regards to his internet and social media conditions.

(*Id.* pp. 1, 2; *see* ECF No. 19-1 p. 2 (Ramirez discussing same).)   Ramirez did not raise any assertions concerning this state court appeal in the complaint.   (*See generally* ECF No. 1.)

5.   Defendants filed their opposition on June 1, 2023.   (ECF No. 22.) Defendants acknowledge that "the NJOAG represented the Parole Board in a State court appeal relating to the revocation of [Ramirez's parole supervision for life] involving violation of his conditions restricting computer access," but they not do not clarify whether Ramirez prevailed on that appeal.   (*Id.* p. 6.)   In addition, the parties did not: (a) file on this Court's docket a copy of the opinion from the appeal; (b) provide a case citation for the appeal; or (c) advise whether the appeal was decided before or after Ramirez's complaint was filed in this Court.[1]

6.   Ramirez then raises two arguments in support of the Motion.   First, Ramirez argues that the NJOAG "represents state agencies and officials, not individuals in their personal capacity," and that defendants' "actions in this case fall outside the scope of their official duties and are not entitled to representation by the [NJOAG]."   (ECF No. 19-1 p. 1; ECF No. 19 p. 2; *see* ECF No. 19-1 p. 3

---

[1] If that appellate decision is designated as being excluded from public access, then the parties could have filed under seal in this Court: (1) a copy of that decision; or (2) a letter providing a case citation for the appellate decision if available.   *See* L.Civ.R. 5.3(c).

2

(arguing same).)   However, Ramirez concedes that defendants "were officially on duty as parole officers at the time of the events in question."   (ECF No. 19-1 p.5.)

7.  Second, Ramirez argues that in view of the NJOAG's "previous[ ] represent[ation] [of] the Parole Board in an appellate case involving the same issues as in this case," the NJOAG's representation of defendants "constitutes a clear conflict of interest that violates the [NJOAG's] duty of loyalty to the State of New Jersey."   (*Id.* p.1; ECF No. 19 p.1.)   Ramirez argues further that the NJOAG's representation of defendants "could lead to a potential conflict of interest between … [d]efendants and the … Parole Board, as both parties are represented by the same counsel," which "could result in the [NJOAG's] dual loyalty to … [d]efendants and the [Parole] Board, leading to a conflict of interest that would undermine [his] right to a fair and impartial judicial process."   (ECF No. 19-1 p.3.)

8.  In opposition, defendants argue that the Motion "should be denied because such motions are disfavored by the courts, and because [Ramirez] does not identify any proper reason to disqualify the NJOAG as counsel."   (ECF No. 22 p.3.)   Defendants also argue that the NJOAG's representation of defendants "is consistent with their representation of the Parole Board:  in each case, [the] NJOAG is defending the actions of the [Parole] Board and its employees."   (*Id.* p.6.)

9.  Pursuant to N.J.S.A. 59:10A-1, the NJOAG:

> shall, upon a request of an employee or former employee of the State, provide for the defense of any action brought against such State employee or former State employee on account of an act or omission in the scope of his employment.

*See Prado v. State of New Jersey*, 186 N.J. 413, 425 (2006) (stating the same).

10.  However, the NJOAG need not provide legal representation to a state employee defendant if: (a) the defendant's "act or omission was not within the scope of employment"; (b) the defendant's "act or the failure to act was because of actual fraud, willful misconduct or actual malice"; or (c) providing a "defense of the action or proceeding … would create a conflict of interest between the State and the employee or former employee."   N.J.S.A. 59:10A-2.   Nonetheless, "the NJOAG's decision to defend a State employee or to apply an exception [under N.J.S.A. 59:10A-2] is *a discretionary decision to be made by the NJOAG and the NJOAG alone.*"   *Shaikh v. Germadnig*, No. 22-02053, 2022 WL 16716116, at *4 (D.N.J. Nov. 4, 2022) (emphasis added).   As a result, when the NJOAG "exercise[s] its discretion to provide counsel to [a state employee defendant], this Court is in no position to question that decision."   *Aruanno v. Booker*, No. 08-

3

00305, 2009 WL 1173438, at *2 (D.N.J. Apr. 29, 2009), *aff'd*, 384 F.App'x 69, 71 (3d Cir. 2010) (affirming "[f]or the reasons stated by the District Court").

11. Defendants, who are Parole Board employees, were acting within the scope of their employment when they were involved in the denial of Ramirez's request to alter his parole conditions. *See* N.J.A.C. 10A:71-6.12(k),(n) (authorizing Parole Board employees to impose special parole conditions). Indeed, Ramirez has acknowledged as much. (*See* ECF No. 19-1 p. 5 (Ramirez stating in his brief in support of the Motion that defendants "were officially on duty as parole officers at the time of the events in question").) Furthermore, Ramirez does not argue anywhere in his papers that defendants' actions in relation to the denial of his request for internet access were fraudulent, indicative of willful misconduct, or malicious. (*See generally* ECF Nos. 1, 19, 19-1.) Therefore, when viewing the first two elements of N.J.S.A. 59:10A-2, I find that Ramirez has not demonstrated that the NJOAG acted inappropriately in electing to represent defendants in this case.

12. I find that Ramirez's argument as to the third element of N.J.S.A. 59:10A-2, *i.e.*, that the NJOAG's duty to the Parole Board on the earlier appeal "is directly adverse to [d]efendants' interests in this case" and thereby creates a conflict of interest, is also without merit. (ECF No. 19 p. 4.) A plaintiff seeking to disqualify the NJOAG from representing a state employee defendant "must carry a heavy burden and must meet a high standard of proof before [the NJOAG] is disqualified." *Marchisotto v. Malik*, No. 20-20426, 2022 WL 2341631, at *1 n.2 (D.N.J. June 29, 2022) (internal quotation marks and citations omitted). Motions to disqualify the NJOAG from representing a state employee defendant are "generally disfavor[ed]," and they are "grant[ed] … only when absolutely necessary." *Foat Leith v. Weitz*, No. 15-07227, 2018 WL 2357757, at *10 (D.N.J. May 24, 2018) (internal quotation marks and citations omitted) (denying the plaintiff's motion to disqualify the NJOAG from representing a state employee defendant); *see Shaikh*, 2022 WL 16716116, at *3 (holding motions to disqualify the NJOAG "are typically disfavored because disqualification can be a drastic measure which courts should hesitate to impose except when absolutely necessary" (internal quotation marks and citation omitted)).

13. Ramirez argues that the NJOAG's simultaneous representation of defendants in this matter and the Parole Board in the separate related matter "*could* lead to a potential conflict of interest" and "*could* result in the [NJOAG's] dual loyalty" to defendants and the Parole Board. (ECF No. 19-1 p. 3 (emphasis added).) However, such "[s]peculation, without more, is insufficient to carry the heavy burden of showing that disqualification is appropriate." *Robinson v. Paulhus*, No. 19-12572, 2021 U.S. Dist. LEXIS 153006, at *7 (D.N.J. Aug. 21, 2021) (rejecting the plaintiff's argument that the NJOAG should be disqualified

from representing two state employee defendants because "a conflict of interest *may* arise" (emphasis in original)). Even if the NJOAG "ha[s] intimate knowledge of the case" arising from its representation of the Parole Board on the related appellate matter, defendants are still "statutorily entitled to be represented by the [NJOAG]." *Gussin v. Ely*, No. 08-03723, 2009 WL 5205993, at *1 n.1 (D.N.J. Dec. 29, 2009) (rejecting as "specious" the plaintiff's "attempts to disqualify the … [NJOAG] from representing the State Defendants"). There is not necessarily a conflict of interest when the NJOAG represents a state agency and that agency's employees in separate related matters. *See Marchisotto*, 2022 WL 2341631, at *1 n.2 (rejecting the plaintiff's arguments that the interests of the former New Jersey Attorney General and the former director of the Division of Criminal Justice were adverse, and thus holding the NJOAG's simultaneous representation of both did not present a conflict); *Aruanno*, 2009 WL 1173438, at *2 (rejecting the plaintiff's argument that the NJOAG was "operating under an incurable conflict-of-interest" by representing the state employee defendants in the case while simultaneously investigating the plaintiff's separate complaints lodged against those same defendants).

14. There are no conflict issues in the NJOAG's representation of defendants, as "[N.J.S.A.] 59:10A-1 … makes clear that NJOAG's representation of both [state employee defendants] is permissible because … the allegations brought against them arose out of acts within the scope of their employment." *Robinson*, 2021 U.S. Dist. LEXIS 153006, at *8. In view of "the general rule of representation" by the NJOAG of state employees named as the defendants in a civil action, Ramirez's "arguments for disqualification … are therefore flawed." *Shaikh*, 2022 WL 16716116, at *4.

Accordingly,

**IT IS** on this   **26th** day of **June 2023**   **ORDERED** that:

1. The Motion is **DENIED**.

2. The Clerk is directed to terminate ECF No. 19.

3. The parties are reminded of the telephone status conference scheduled for September 7, 2023 at 10:30 a.m.   (ECF No. 21.)

    */s/ Edward S. Kiel*
    **EDWARD S. KIEL**
    **UNITED STATES MAGISTRATE JUDGE**